# Court of Appeals
# of the State of Georgia

ATLANTA,　August 12, 2026

*The Court of Appeals hereby passes the following order:*

**A26A2456. CLAYTON THOMAS BELL v. THE STATE.**

In 2015, Clayton Thomas Bell was convicted of six counts of theft by deception. In 2025, he filed a motion to vacate his conviction and set aside the judgment, arguing that the prosecutor in his case had a conflict of interest. The trial court denied the motion, as well as Bell's subsequent motion for reconsideration. Bell filed an application for discretionary review in this Court, which we denied. See Case No. A26D0623 (July 10, 2026). He also filed this direct appeal, but we lack jurisdiction to consider it.

Our denial of Bell's application for discretionary appeal was a decision on the merits. See *Elrod v. Sunflower Meadows Dev., LLC*, 322 Ga. App. 666, 670(4) (745 SE2d 846) (2013) ("[W]hen this Court examines a request for a discretionary appeal, it acts in an error-correcting mode such that a denial of the application is on the merits, and the order denying the application is res judicata with respect to the substance of the requested review.") (punctuation omitted). Thus, Bell has no right to a direct appeal from the same order. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003) (punctuation omitted); see also *Hook v. Bergen*, 286 Ga. App. 258, 261(1) (649 SE2d 313) (2007) (holding that party was estopped from seeking further judicial review of same order when discretionary application had been denied).

Further, a post-conviction motion challenging the validity of a conviction and seeking to set aside or vacate it is not a valid procedure in a criminal case. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Williams v. State*, 283 Ga. 94, 94 (656

SE2d 144) (2008). And any appeal from the denial of such a motion must be dismissed. *Roberts*, 286 Ga. at 532; *Harper v. State*, 286 Ga. 216, 218(2) (686 SE2d 786) (2009).

Finally, even if Bell had a right of direct appeal here, his appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38(a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Yanes v. Escobar*, 362 Ga. App. 896, 898 (870 SE2d 506) (2022). Here, Bell filed his notice of appeal in June 2026, more than six months after entry of the trial court's December 2025 order denying his motion to set aside his conviction. Although Bell filed a motion for reconsideration, the filing of such a motion does not extend the time to file a notice of appeal, and the denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __08/12/2026_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*